**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CARPENTER,<br><br>                    Plaintiff,<br>  vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                    Defendant. | CASE NO. 12cv0973-LAB (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND** |

**I.     Introduction**

Carpenter previously owned two properties in the San Diego area—one on West Bernardo Drive in San Diego proper (the "West Bernardo Property") and another on Valencia Avenue in Carlsbad (the "Valencia Property"). This case involves BOA's refusal to modify his loans on the properties, and their subsequent sale in foreclosure. BOA was not the original lender; it just serviced both of the loans.

It is really the West Bernardo loan that's at issue here. When Carpenter initially requested the loan modifications, the request with respect to the Valencia Property was quickly denied. But Carpenter alleges that he spent a considerable amount of time, money, and energy working with a BOA agent to modify the loan on the West Bernardo Property, and that he was led to believe, falsely, the loan modification would go through.

//

Specifically, Carpenter attended a loan modification event sponsored by BOA in August 2011 and spoke with a BOA representative who stated, in Carpenter's words, "that he could see no problem and that the numbers looked good." After this, in about November 2011, he was put in touch with a person named Joe Brown, who insisted that they start from scratch and resubmit all of Carpenter's paperwork. In the midst of this, however, BOA apparently decided *not* to modify Carpenter's West Bernardo loan, and it recorded a Notice of Default and initiated foreclosure proceedings. Brown told Carpenter on February 3, 2012 that he had requested a postponement of a February 6 foreclosure sale, but the sale went forward. And later, around February 7, Brown told Carpenter he requested that the foreclosure sale be rescinded, but again, this was denied.

Carpenter brings five claims: (1) negligence; (2) promissory estoppel; (3) negligent misrepresentation; (4) elder abuse; and (5) unfair and deceptive acts and practices. Carpenter's essential grievance is that he was misled by BOA about the possibility of a loan modification—as well as the subsequent possibility of a foreclosure postponement and rescission—and that as a result he wasted time, money, and energy and was not able to pursue other options to save his properties.

## II.     Legal Standards

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed; they must simply be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Carpenter's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 556 U.S. at 678. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Nor does it suffice if it contains a merely formulaic recitation of the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

Leave to amend must "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Their exists a presumption under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.   Discussion**

The Court will address each of Carpenter's causes of action in sequence.

**A.   Negligence**

A negligence claim has to start with a duty of care. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 594 (1970). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institutions involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n,* 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 1991). This rule has been applied to loan servicers. *See Shepherd v. American Home Mort*g. *Servs., Inc.,* 2009 WL 4505925 at *2 (E.D. Ca. Nov. 20, 2009) ("In fact loan servicers do not owe a duty to the borrowers of the loans they service."); *Mulato v. WMC Mortg. Corp.*, 2009 WL 3561536 at *3 (N.D. Cal. Oct. 27, 2009).

Carpenter relies on this Court's recent decision in *Johnson v. HSBC Bank USA, N.A.* to argue that BOA *did* owe him a duty of care because it "has gone beyond the typical lender's role." 2012 WL 928433 at *4 (S.D. Cal. Mar. 19, 2012). *Johnson* is distinguishable from this case. The bank plausibly went beyond the typical lender's role in that case because, on the facts alleged, it actually established a loan modification plan, charged excessive interest, filed derogatory reports with credit bureaus, and didn't even have the legal authority to demand payments. The Court would also distinguish *Garcia v. Ocwen Loan Servicing, LLC,* 2010 WL 1881098 (N.D. Cal. 2010), from this case. In *Garcia*, the court concluded that a loan servicer arguably owed a duty of care to a loan modification applicant, and it reached this conclusion by considering the familiar five-factor test for determining whether a financial institution owes a duty of care to a borrower-client announced in *Nymark*. But in context, the duty of care identified in *Garcia* was really a duty to properly route loan modification paperwork. *Id.* at *2–3. It was not a duty to give the distressed homeowner the answer he wants with respect to a loan modification.

Even if the Court is wrong here, and BOA exceeded the typical lender's role merely by hosting a loan modification event that Carpenter attended—thereby assuming a duty of care—the Court would still find that Carpenter has failed to state a claim. This is because Carpenter's factual allegations fall short of establishing that BOA actually *breached* its duty. All Carpenter alleges, really, is that a BOA agent told him a loan modification looked possible, and that after he submitted the formal paperwork his application was denied. He alleges no facts from which it can be inferred that his application was mishandled, or that he was affirmatively misled, or that the decision not to modify his loan was so unreasonable as to be negligent. Indeed, what Carpenter really wants to do here is transform his disagreement with a loan modification decision into a negligence claim. He claims in his Complaint that "[h]ad Defendant exercised ordinary care and skill, it would not have denied Plaintiff's modification request as Plaintiff had sufficient income to qualify for and pay on a loan modification." (Compl. ¶ 38.) That's a kind of policy disagreement with BOA; it doesn't support the allegation that BOA breached a duty of care it owed to him.

BOA's motion to dismiss Carpenter's negligence claim is **GRANTED WITH LEAVE TO AMEND**. Carpenter has alleged insufficient facts to suggest BOA owed him a duty of care, and even looking beyond that he has alleged virtually no facts to suggest that BOA breached any duty of care it did owe him.

### B. Promissory Estoppel

The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the party is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Advanced Choices, Inc. v. State Dep't of Health Servs.*, 182 Cal.App.4th 1661, 1672 (Cal. Ct. App. 2010).

Carpenter manifestly fails to allege facts sufficient to satisfy the first prong—that clear and unambiguous promises were made to him respecting the modification of his loan. All he alleges is that, on a preliminary screening of his loan, a BOA representative said he could see no problem with a modification, and that subsequently another BOA representative, Joe Brown, said he would *request* that the foreclosure sale be postponed and, after that, rescinded. In no way does Carpenter allege that he was *promised* a loan modification, or a postponed or rescinded foreclosure sale. That pleading failure alone is grounds for dismissal of this cause of action.

BOA's motion to dismiss Carpenter's promissory estoppel claim is **GRANTED WITH LEAVE TO AMEND**. The factual allegations in support of this cause of action are simply too thin and conclusory. *See Iqbal*, 556 U.S. at 678.

### C. Negligent Misrepresentation

Negligent misrepresentation requires "(1) the misrepresentation of a past or existing material fact by defendant, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on his misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners LLC,* 158 Cal.App.4th 226, 243 (Cal. Ct. App. 2007).

//

Carpenter fails to plead any elements of this cause of action with the requisite specificity. Even worse, he pleads precisely the kind of "naked assertions devoid of further factual enhancement" that the Supreme Court held in *Iqbal* cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 1949. Carpenter fails to explain the misrepresentation in a BOA agent indicating that he *believes* a loan modification is possible, and in another BOA agent saying he will *request* the postponement and rescission of a foreclosure sale. He also alleges no facts from which the Court can infer that the agents had no reasonable grounds to support their statements. All Carpenter does is turn the elements of the cause of action into bullet-pointed factual allegations in his complaint. A complaint will not survive a motion to dismiss, however, if it contains a merely formulaic recitation of the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

BOA's motion to dismiss Carpenter's negligent misrepresentation claim is **GRANTED WITH LEAVE TO AMEND**.

### D.    Violation of Elder Abuse Act

The Court agrees with BOA's argument that the facts of this case are a square peg and the Elder Abuse Act is a round hole. Ever since the collapse of the housing market and the ensuing shock on the nation's financial system, the Court has seen countless cases like this one, all filed by distressed homeowners with grievances against their mortgage lender or loan servicer. The claims are more or less the same across those cases, and violation of the Elder Abuse Act is not one of them. Carpenter probably ladles it onto his complaint because he is age-eligible, but he alleges no other facts to satisfy the elements of the claim. The Court also finds that *Negrete v. Fidelity and Guar. Life Ins. Co.*, 444 F.Supp.2d 998 (C.D. Cal. 2006) is distinguishable. It is not a wrongful foreclosure case, for starters, and also involves a set of facts that are an altogether different fit for the underlying offense of elder abuse. BOA's motion to dismiss the Elder Abuse Act claim is therefore **GRANTED**, and this claim is **DISMISSED WITH PREJUDICE**.

### E.    Violation of California Business and Professions Code § 17200

To state a claim for violation of the Business and Professions Code, Carpenter must

allege a violation of statutory or common law. *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (Cal. Ct. App. 1999) ("In effect, the UCL borrows violations of other laws—such as the state's anti-discrimination laws—and makes those unlawful practices actionable under the UCL."). The Court finds that Carpenter alleges inadequate facts to show an independent violation of § 17200, and the failure of his other claims above means the § 17200 claim cannot be staked on them. BOA's motion to dismiss this claim is therefore **GRANTED WITH LEAVE TO AMEND**.

**IV.    Conclusion**

For the reasons set forth above, BOA's motion to dismiss is **GRANTED**. Within two weeks of the date this order is entered, Carpenter may file a first amended complaint that re-alleges all of the claims except for the elder abuse claim.

**IT IS SO ORDERED**.

DATED: December 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge