UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARPENTER,<br><br>         Plaintiff,<br> vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>         Defendant. | CASE NO. 12cv0973-LAB (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

   The Court dismissed Carpenter's original complaint in December of last year, but gave him the opportunity to file an amended complaint that tightened up his allegations and claims. He filed that amended complaint on January 11, and BOA has again moved to dismiss it. The parties are by now familiar with the governing legal standard and the pertinent facts; the Court will cut straight to Carpenter's claims to determine whether they're now adequate to survive BOA's motion to dismiss.

**I. Negligence**

   The core problem with Carpenter's negligence claim as initially pled was that a lender owes no predicate duty of care to a borrower, at least as a general rule. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 1991). Carpenter now tries to get around this by alleging that BOA "went beyond the typical lender's role" when it processed his request for a loan modification and actually established a modification

program. (FAC ¶¶ 46–47.) He alleges, factually, that BOA didn't route his paperwork properly, asked for information from him that it already had, delayed processing his paperwork, delayed requesting additional documents, and ultimately let a foreclosure sale happen that cost him his home.

BOA is right that, to a certain degree, Carpenter has simply taken what the Court saw as the omissions in his original complaint and turned them into new factual allegations. But even if the Court accepts Carpenter's allegations as true, the caselaw is still against him. Carpenter doesn't allege that he was ever granted a loan modification or placed on some kind of loan modification program, which BOA then breached. The most he alleges, and the most he can allege, is that he applied for a loan modification, qualified for one, and was never denied one. That is to say, his factual allegations start and stop with his *application*, and that continues to distinguish this case from *Johnson v. HSBC Bank USA, N.A.*, Case No. 11-CV-2091, 2012 WL 928433 (S.D. Cal. Mar. 19, 2012). In *Johnson*, the plaintiff alleged that BOA actually established a loan modification plan and collected payments under it, charging excessive interest and filing derogatory credit reports in the process. *Id.* at *4. The Court is unwilling to extend *Johnson* to the facts of this case, and hold that a lender owes a duty of care to a borrower merely by accepting and considering a loan modification application. It isn't alone. *See Alvarado v. Aurora Loan Servs.*, Case No. , Case No. 12-CV-524, 2012 WL 4475330 at *6 (C.D. Cal. Sept. 20, 2012) ("Plaintiff's interpretation of loan modifications as outside the activities of a conventional money lender is inaccurate as numerous cases have characterized a loan modification as a traditional money lending activity.") (internal quotations and citation omitted).

The Court simply isn't persuaded by Carpenter's rebuttal to BOA's motion to dismiss, much of which just rehashes conclusory claims without responding to the motion, and much of which ignores that "the overwhelming weight of authority" supports BOA's position. *See Settle v. World Sav. Bank, F.S.B.*, Case No. 11-CV-800, 2012 WL 1026103 at *8–9 (C.D. Cal. Jan. 11, 2012). Even if the caselaw were more evenly divided, the Court would still side with BOA because it sees no reason, in either law or policy, to impose a duty of care on

lenders merely for their being open to the possibility of modifying a borrower's loan—something they have no obligation to do in the first instance. The court in *Alvarado* got it right: "If money lending institutions were held to a higher standard of care by offering a service that could benefit borrowers whose circumstances have changed, the money lender would be discouraged from leniency and would assert their rights to reclaim the property upon the borrower's default." *Alvarado*, 2012 WL 4475330 at *6. The Court understands how Carpenter might be frustrated with how his loan modification application was processed and ultimately decided, but there is simply no negligence claim here. The claim is therefore **DISMISSED WITH PREJUDICE**.   **II.      Negligent Misrepresentation**

The first time around, the Court found that Carpenter came nowhere close to stating a claim for negligent misrepresentation, which requires "(1) the misrepresentation of a past or existing material fact by defendant, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on his misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners LLC*, 158 Cal.App.4th 226, 243 (Cal. Ct. App. 2007). The Court said,

> Carpenter fails to explain the misrepresentation in a BOA agent indicating that he *believes* a loan modification is possible, and in another BOA agent saying he will *request* the postponement and rescission of a foreclosure sale. He also alleges no facts from which the Court can infer that the agents had no reasonable grounds to support their statements. All Carpenter does is turn the elements of a cause of action into bullet-pointed factual allegations in his complaint. (Doc. No. 11 at 6.)

Now, Carpenter seizes on four representations in particular. First, on January 30, 2012 Joe Brown told him he would request a postponement of the foreclosure sale. (FAC ¶¶ 27, 72.) Next, on February 1, Joe Brown said the same thing. (FAC ¶¶ 28, 73.) Two days later, on February 3, Joe Brown said he had requested a postponement of the foreclosure sale. (FAC ¶¶ 36, 74.[1]) And finally, after the foreclosure sale had happened, Joe Brown said on

---

[1] The allegations here are slightly inconsistent. First, Carpenter alleges that Brown said he had requested a postponement. (FAC ¶ 36.) Later, Carpenter broadens the allegation to Brown saying "he would take care of the postponement of the foreclosure sale date." (FAC ¶ 74.)

February 7 that he would request, or had requested, a rescission of the foreclosure sale. (FAC ¶¶ 39, 86.)

The problem is here is obvious, and BOA is quick to point it out: Joe Brown, on Carpenter's own allegations, never said anything more than that he would *request* a postponement and rescission of the foreclosure sale. Carpenter pleads no facts to suggest that *this* was a misrepresentation—that is, that Joe Brown was not going to do anything. He also pleads no facts to suggest Joe Brown had no basis in reason for thinking he would request the postponements, or that the requests would be granted. And finally, he pleads no facts to suggest that Brown intended for him to rely on the representations, nor is it remotely clear what Brown stood to gain through Carpenter's reliance. The negligent misrepresentation claim therefore suffers from the same deficiencies as the straightforward negligence claim: Carpenter simply didn't get the answer or result he wanted when he sought to modify his loan, and he is searching in vain for a legal claim. Aside from this fatal deficiency, Carpenter's claim is pled in a conclusory way that attempts to convert the elements of the cause of action into factual allegations. This won't do. The Court doesn't intend to say that a negligent misrepresentation claim would never be pled in this context; it is simply saying Carpenter has failed to plead one that survives a motion to dismiss.[2] The claim is **DISMISSED WITH PREJUDICE**.

### III.   Promissory Estoppel

Promissory estoppel requires a clear promise, reasonable and foreseeable reliance on that promise, and an injury. *Advanced Choices, Inc. v. State Dep't of Health Servs.*, 182 Cal.App.4th 1661, 1672 (Cal. Ct. App. 2010). Carpenter tries to base his claim on Brown's

---

[2] Again, there is a discrepancy between Carpenter's factual allegations and his actual claim for negligent misrepresentation. When he actually pleads the claim, he comes closer to doing so successfully because he nearly alleges that Joe Brown *knew* the actual foreclosure sale date and knew it was non-negotiable, which could make his statements about requesting a postponement misleading. (*See* FAC ¶¶ 78–82.) But none of these allegations make their way into the body of his complaint. There is just no getting around the fact that the basis for Carpenter's claim is statements Brown made merely suggesting he would request a postponement and rescission of the foreclosure sale. Carpenter has not alleged enough facts to show that these statements were misleading, that Brown knew it, and that Brown intended to induce some reliance on Carpenter's part.

statements that he would *request* a postponement—and later, a rescission—of the foreclosure sale.[3] That wasn't adequate the first time around, and it's not adequate now. There is no promise alleged in Brown's statements other than the promise to make a *request*, and there is no evidence that Brown didn't make one. If Carpenter relied on these statements such that he thought the foreclosure sale *would be* postponed or *would be* rescinded—he says he forwent other options available to him, such as a short sale or deed in lieu of foreclosure—that reliance couldn't have been reasonable on his part or foreseeable on Brown's. This claim is **DISMISSED WITH PREJUDICE**.[4]

## IV.    Business and Professions Code § 17200

The discussion of Carpenter's UCL claim is misguided. Section 17200 of California's Business and Professions Code prohibits unfair competition, which includes "any unlawful, unfair, or fraudulent business act or practice." This is written in the disjunctive, so it establishes three varieties of unfair competition: acts or practices that are unlawful, unfair, or fraudulent. *Podolsky v. First HealthCare Corp.*, 50 Cal.App.4th 632, 647 (Cal. Ct. App. 1996). In his original complaint, Carpenter alleged unlawful and unfair business acts. (Compl. ¶ 72.) And in its first order on BOA's motion to dismiss, the Court assessed only whether Carpenter had adequately alleged unlawful acts. (Doc. No. 11 at 6–7.) Carpenter's amended complaint is identical to the original on this claim; it alleges that "Defendant's negligence and false statements are unlawful and unfair business practice [sic] or act [sic] . . . ." (FAC ¶ 103.)

Carpenter clears up in his opposition brief that the unlawful acts giving rise to a § 17200 claim are negligence, negligent misrepresentation, and promissory estoppel—the

---

[3] Carpenter again throws in the allegation that Brown said he would "take care" of the postponement of the foreclosure sale, which is something more than merely requesting a postponement, but this allegation is vague in its content and noticeably absent from Carpenter's factual allegations. (*See* FAC ¶ 94.) The Court can't attach much significance to it.

[4] The Court doesn't need to reach, but is certainly persuaded by, BOA's argument that to the extent there was a promise on BOA's part it was gratuitous anyway because there was no consideration on Carpenter's part apart from a preexisting obligation to repay the loan. *See Ahmed v. Wells Fargo Bank*, 2011 WL 5027591 at *6 (Cal. Ct. App. Oct. 24, 2011).

very claims the Court has just found that Carpenter inadequately pleads and dismissed with prejudice. Indeed, Carpenter bases his claim on BOA's "negligence and false statements," and the Court has already determined that he has failed to state a negligence claim and failed to allege how Brown's statements about merely requesting a postponement and rescission of a foreclosure sale were actually false. This is fatal to a UCL claim based on unlawful acts.

The definition of an "unfair" business act is slightly more elusive. One definition is an act that "offends an established public policy" or that "is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers." *Paduano v. American Honda Motor Co., Inc.*, 169 Cal.App.4th 1453, 1469 (Cal. Ct. App. 2009). An unfair act may also be one in which "(1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal.App.4th 1235, 1255 (Cal. Ct. App. 2009). Carpenter pleads no facts to match these definitions of an unfair business act, and the Court doesn't see how he could. This claim is **DISMISSED WITH PREJUDICE**.

**V.     Conclusion**

It's very clear to the Court that Carpenter is upset that he didn't receive a loan modification, and that he felt jerked around and inconvenienced in the process of applying for one. It is a leap, though, to channel his frustration into a lawsuit, particularly one that asserts the claims Carpenter has asserted. Carpenter's four claims are **DISMISSED WITH PREJUDICE**, and BOA's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

DATED: July 18, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge